UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSE A. IBARRA AND MARIA A. IBARRA, | NO. CIV. 2:11-2452 WBS EFB |
| Plaintiffs, | MEMORANDUM AND ORDER RE: MOTION TO REMAND |
| v. | |
| ONEWEST BANK, FSB; FIRST MORTGAGE CORPORATION and DOES 1-10, inclusive, | |
| Defendants. | |

----oo0oo----

On August 3, 2011, plaintiffs Jose A. Ibarra and Maria A. Ibarra brought this action in state court against defendants Onewest Bank, FSB ("Onewest") and First Mortgage Corporation ("First Mortgage"), arising from defendants' allegedly wrongful conduct related to a residential loan. Plaintiffs alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and asserted various state law claims. First

1

Mortgage removed the action from state court based on federal question jurisdiction.  Plaintiffs subsequently filed a First Amended Complaint ("FAC") in which they abandoned their federal claims.  (Docket No. 9.)  Plaintiffs now move to remand this action back to state court based on lack of federal subject matter jurisdiction.[1]  (Mot. to Remand at 2:20-21 (Docket No. 17).)

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts also have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

"[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments . . . ."  <u>Chabner v. United of Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (quoting <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers</u>, 159 F.3d 1209, 1213 (9th Cir. 1998)) (internal quotation marks omitted).  However, a district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all

---

[1] Plaintiffs have subsequently filed a notice of voluntary dismissal of First Mortgage without prejudice.  (Docket No. 19.)

2

claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide <u>sua sponte</u> to decline to exercise supplemental jurisdiction).

Here, the Notice of Removal based original jurisdiction on federal question jurisdiction, as the Complaint included causes of action arising under federal law. Because plaintiffs omitted their previously alleged federal claims from their FAC, this ground for original jurisdiction no longer exists.

Judicial economy, fairness, convenience, and comity inform a court in deciding whether to decline to exercise supplemental jurisdiction. <u>Acri</u>, 114 F.3d at 1001. The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).

The court can find no reason that this is not a usual case in which all federal claims are eliminated well in advance of trial. Comity weighs in favor of declining to exercise supplemental jurisdiction because all the claims in the FAC are state law claims. The state court is competent to hear the case and may have a better understanding of the relevant state law.

As for judicial economy, this action is still in the early stages. A status conference has not yet been held and

3

1  presumably discovery has not commenced.  The only step taken has
2  been OneWest's filing of a motion to dismiss, which this court
3  has not yet decided.  Judicial economy does not weigh in favor of
4  exercising supplemental jurisdiction.
5             Lastly, convenience and fairness do not weigh in favor
6  of exercising supplemental jurisdiction.  The state and federal
7  fora are equally convenient for the parties.  There is no reason
8  to doubt that the state court will provide an equally fair
9  adjudication of the FAC.  Accordingly, the court will remand this
10 action to state court.
11            IT IS THEREFORE ORDERED that this action be, and the
12 same hereby is, REMANDED to Superior Court of the State of
13 California in and for the County of San Joaquin.
14 DATED:  December 19, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE